## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **STANISLAW STERLINSKI,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CATHOLIC BISHOP OF** | ) | |
| **CHICAGO, a Corporation Sole,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, STANISLAW STERLINSKI, by and through his attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd.**,** and complaining of the Defendant, THE CATHOLIC BISHOP OF CHICAGO**,** a Corporation Sole, and states as follows:

## NATURE OF ACTION

1.      This is an action for national origin discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Civil Rights Act of 1991, and age discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.    Plaintiff is a resident of Cook County, Illinois, and has resided in Cook County at all times relevant to this lawsuit.

4.    Defendant THE CATHOLIC BISHOP OF CHICAGO. does business and is located in the State of Illinois, 835 North Rush Street, Chicago, Illinois  60611.

### COUNT I –
### TITLE VII – NATIONAL ORIGIN DISCRIMINATION

1-4.    Plaintiff restates and realleges paragraphs 1-4 above as though fully set forth herein.

5.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on ancestry discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

6.    Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

7.    Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8.    Defendant, THE CATHOLIC BISHOP OF CHICAGO, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

9.    Plaintiff was hired by Defendant on or about July 28, 1992.

10.    Plaintiff is of Polish descent and was born in Poland.

2

11.     At the time of Plaintiff's termination, he held the position of Director of Music.

12.     On or about June 7, 2014, Plaintiff was demoted based upon his national origin (Polish) by the pastor successor, Fr. Anthony Dziorek, at St. Stanislaus Bishop and Martyr Parish.

13.     Fr. Dziorek, for example, distinguished himself from Plaintiff by informing Plaintiff that he (Fr. Dziorek) was not Polish (like Plaintiff) but that he was "Roman."

14.     Despite the fact that Plaintiff had a contract to work full time, Plaintiff's schedule and salary were reduced from full time to part time without benefits.  See Exhibit C attached hereto.

15.     Defendant claimed that Plaintiff's demotion was because of a budgetary deficit.

16.     The reason for Plaintiff's demotion was pretextual because Defendant's own records indicate that the church had a profit of approximately $82,000 as of November 1, 2014 which was $20,000 more than in 2013.

17.     On or about December 22, 2014, Plaintiff was terminated by Defendant.

18.     Similarly-situated, non-Polish, or non-Polish born, employees of Defendant were treated more favorably than Plaintiff because they were not demoted and/or terminated.

19.     At all times during his 22 year tenure with Defendant, Plaintiff met the legitimate expectations of his employer.

20.    Because of the ongoing discrimination and harassment by Defendant, Plaintiff was caused a great level of embarrassment, humiliation, anxiety and stress on the job.

21.    As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiff STANISLAW STERLINSKI prays for Judgment against Defendant, THE CATHOLIC BISHOP OF CHICAGO, as follows:

A.    Back pay from December 22, 2014 to the present;

B.    For an award of compensatory damages for Plaintiff's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.    For reinstatement or front pay;

D.    Punitive damages;

E.    For attorney's fees and costs of this suit, including expert witness fees;

F.    For pre-judgment interest in an amount to be determined at the time of trial; and

G.    For such other relief as is just and equitable.

## COUNT II –
## <u>TITLE VII – RETALIATION</u>

1-4.    Plaintiff restates and realleges paragraphs Plaintiff restates and realleges paragraphs 1-4 above as though fully set forth herein.

5.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on Title VII retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which are attached hereto as Exhibit A.

6.    Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

7.    Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8.    Defendant, THE CATHOLIC BISHOP OF CHICAGO, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

9.    In direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., Defendant, by its agents and employees, engaged in the national origin based retaliatory acts described in the attached Charge of Discrimination, attached hereto as Group Exhibit A, and incorporated herein by reference.

11.    Plaintiff was hired by Defendant on or about July 28, 1992.

12.    Plaintiff is of Polish descent and was born in Poland.

5

13.     At the time of Plaintiff's termination, he held the position of Director of Music.

14.     On or about June 7, 2014, Plaintiff was demoted based upon his national origin (Polish) by the pastor successor, Fr. Anthony Dziorek, at St. Stanislaus Bishop and Martyr Parish.

15.     Fr. Dziorek, for example, distinguished himself from Plaintiff by informing Plaintiff that he (Fr. Dziorek) was not Polish (like Plaintiff) but that he was "Roman."

16.     Despite the fact that Plaintiff had a contract to work full time, Plaintiff's schedule and salary were reduced from full time to part time without benefits.  See Exhibit C attached hereto.

17.     Defendant claimed that Plaintiff's demotion was because of a budgetary deficit.

18.     The reason for Plaintiff's demotion was pretextual because Defendant's own records indicate that the church had a profit of approximately $82,000 as of November 1, 2014 which was $20,000 more than in 2013.

19.     Plaintiff complained to Defendant regarding his national origin based demotion despite the fact that he had a contract to work full time and had been a loyal employee for 22 years.

20.     On or about December 22, 2014, Plaintiff was terminated by Defendant in retaliation for complaining about his national origin motivated demotion.

21.     Similarly-situated, non-Polish, or non-Polish born, employees of Defendant were treated more favorably than Plaintiff because they were not demoted, terminated and/or retaliated against.

22.     At all times during his 22 year tenure with Defendant, Plaintiff met the legitimate expectations of his employer.

23.     As a result of Defendant's retaliatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiff STANISLAW STERLINSKI prays for Judgment against Defendant, THE CATHOLIC BISHOP OF CHICAGO, as follows:

A.     Back pay from December 22, 2014 to the present;

B.     For an award of compensatory damages for Plaintiff's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.     For reinstatement or front pay;

D.     Punitive damages;

E.     For attorney's fees and costs of this suit, including expert witness fees;

F.     For pre-judgment interest in an amount to be determined at the time of trial; and

G.     For such other relief as is just and equitable.

## COUNT III
## AGE DISCRIMINATION

5.     Sterlinski re-alleges and incorporates as if fully set forth herein paragraphs 1 though 4 above.

7

6.      Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Sterlinski has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the State of Illinois Department of Human Rights ("IDHR"), pursuant to the requirements of the ADEA and the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

7.      Sterlinski has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

8.      In direct violation of the ADEA, Defendant engaged in the age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

9.      Plaintiff was 68 years of age in 2014.

10.     Plaintiff was hired by Defendant on or about July 28, 1992.

11.     At the time of Plaintiff's termination, he held the position of Director of Music.

12.     On or about June 7, 2014, Plaintiff was demoted based upon his age (68 years old) by the pastor successor, Fr. Anthony Dziorek, at St. Stanislaus Bishop and Martyr Parish.

13.     Fr. Dziorek, for example, informed Plaintiff that Plaintiff was "getting old."

14.     Despite the fact that Plaintiff had a contract to work full time, Plaintiff's schedule and salary were reduced from full time to part time without benefits.  See Exhibit C attached hereto.

15.     Defendant claimed that Plaintiff's demotion was because of a budgetary deficit.

16.     The reason for Plaintiff's demotion was pretextual because Defendant's own records indicate that the church had a profit of approximately $82,000 as of November 1, 2014 which was $20,000 more than in 2013.

17.     On or about December 22, 2014, Plaintiff was terminated by Defendant.

18.     Similarly-situated, younger employees were treated more favorably than Plaintiff because they were not demoted and/or terminated.

19.     At all times during his 22 year tenure with Defendant, Plaintiff met the legitimate expectations of his employer.

20.     As a result of Defendant's age based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff STANISLAW STERLINSKI prays for judgment against Defendant, THE CATHOLIC BISHOP OF CHICAGO, as follows:

A.     Back pay from December 22, 2014 to the present;

B.     For liquidated damages in an amount equal to Plaintiff's actual damages;

C.     For reinstatement to his previous position, or in the alternative, for front pay;

D.     For attorney's fees and costs of this suit; and

C.     For such other and further relief as is just and equitable.

## COUNT IV
## ADEA WILLFUL VIOLATION

21.     Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs
1– 4 above and paragraphs 5-20 of Count III.

22.     Defendant's discriminatory conduct, as aforesaid, was intentional and/or in
reckless disregard for Plaintiff's rights under the law and these acts constitute willful
indifference to said rights.

WHEREFORE, Plaintiff STANISLAW STERLINSKI prays for judgment against
Defendant, THE CATHOLIC BISHOP OF CHICAGO, as follows:

A.      Back pay from December 22, 2014 to the present;

B.      For liquidated damages in an amount equal to Plaintiff's actual
damages;

C.      For reinstatement to his previous position, or in the alternative, for
front pay;

D.      For attorney's fees and costs of this suit; and

C.      For such other and further relief as is just and equitable.

## COUNT V
## ADEA RETALIATION

1-4.    Plaintiff restates and realleges paragraphs 1-4 above as though fully set forth
herein.

5.      Plaintiff has filed this cause subsequent to the timely filing of a Charge of
Discrimination based on ADEA retaliation with the Illinois Department of Human Rights
and the Equal Employment Opportunity Commission, a true and correct copy of which are
attached hereto as Exhibit A.

6.      Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

7.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

8.      In direct violation of the ADEA, 29 U.S.C. § 621, et seq., Defendant, by its agents and employees, engaged in the age based retaliatory acts described in the attached Charge of Discrimination, attached hereto as Group Exhibit A, and incorporated herein by reference.

9.      Plaintiff was 68 years of age in 2014.

10.     Plaintiff was hired by Defendant on or about July 28, 1992.

11.     At the time of Plaintiff's termination, he held the position of Director of Music.

12.     On or about June 7, 2014, Plaintiff was demoted based upon his age (68 years old) by the pastor successor, Fr. Anthony Dziorek, at St. Stanislaus Bishop and Martyr Parish.

13.     Fr. Dziorek, for example, informed Plaintiff that Plaintiff was "getting old."

14.     Despite the fact that Plaintiff had a contract to work full time, Plaintiff's schedule and salary were reduced from full time to part time without benefits.  See Exhibit C attached hereto.

15.     Defendant claimed that Plaintiff's demotion was because of a budgetary deficit.

11

16.     The reason for Plaintiff's demotion was pretextual because Defendant's own records indicate that the church had a profit of approximately $82,000 as of November 1, 2014 which was $20,000 more than in 2013.

17.     Plaintiff complained to Defendant regarding his age based demotion despite the fact that he had a contract to work full time and had been a loyal employee for 22 years.

18.     On or about December 22, 2014, Plaintiff was terminated by Defendant in retaliation for complaining about his age motivated demotion.

19.     Similarly-situated, younger employees were treated more favorably than Plaintiff because they were not demoted and/or terminated.

20.     At all times during his 22 year tenure with Defendant, Plaintiff met the legitimate expectations of his employer.

21.     As a result of Defendant's retaliatory conduct, as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiff STANISLAW STERLINSKI prays for Judgment against Defendant, THE CATHOLIC BISHOP OF CHICAGO, as follows:

A.     Back pay from December 22, 2014 to the present;

B.     For liquidated damages in an amount equal to Plaintiff's actual damages;

C.     For reinstatement to his previous position, or in the alternative, for front pay;

D.     For attorney's fees and costs of this suit; and

E.      For such other and further relief as is just and equitable.

Respectfully submitted,

STANISLAW STERLINSKI

By:    s/Barry A. Gomberg          
          One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550